UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRZEGORZ TOKARZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-CV-103-CMS |
| | ) |
| AMARIT TEJA, ET AL., | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| AMERIT TEJA and | ) |
| FOREVER LOGISTIC, INC., | ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GORDON BOGE d/b/a BOGE FARMS, | ) |
| ET AL., | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the uncontested Motion of Defendants Gordon Boge d/b/a Boge Farms and Scott J. Clark ("Defendants") for Rule 35 Physical and Mental Examinations of Plaintiff Grzegorz Tokarz ("Plaintiff"). (Doc. 99). The Motion is **GRANTED**.

In their Motion, filed September 16, 2025, Defendants request an order requiring Plaintiff to present for a physical examination to be completed in St.

1

Louis, Missouri, at a mutually agreeable date and time within 60 days with Dr. Donald deGrange, a board-certified orthopedic surgeon licensed by the American Board of Orthopedic Surgery. Defendants also request an order requiring Plaintiff to present for a mental examination to be completed in St. Louis, Missouri, at a mutually agreeable date and time within 60 days with Dr. William Newman, who is board certified in General and Forensic Psychiatry by the American Board of Psychiatry and Neurology. Defendants further request that the examinations be conducted free from any observation or audio/video recording by Plaintiff, his counsel, or any related representative.

    Defendants represent that Plaintiff agreed voluntarily to appear for the medical examinations so long as they are performed in proximity to Chicago, Illinois, where Plaintiff resides. Dr. deGrange's office is located at 621 South New Ballas Road, Tower A, Suite 142, St. Louis, Missouri, 63141. Dr. Newman's office is located at 1034 South Brentwood Boulevard, St. Louis, Missouri 63117. Defendants further represent that respective counsel for Plaintiff and Defendants are conferring to attempt to reach an agreement on the date, time, and location of the physical and mental examinations. As of the date of this Order, Plaintiff has not responded to the Motion, and the Motion is uncontested.

    Pursuant to this Court's Amended Case Management Order (Doc. 95), physical and mental examinations of parties pursuant to Federal Rule of Civil

2

Procedure 35 must be requested no later than September 17, 2025, the examinations must be completed by October 17, 2025, and the parties shall complete all discovery no later December 5, 2025.

Rule 35 provides that this Court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). The order may be made only on motion for good cause. Fed. R. Civ. P. 35(a)(2)(A). The order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

In their uncontested Motion, Defendants argue that Plaintiff's mental and physical condition are in controversy and good cause supports their Motion because Plaintiff placed his mental and physical condition in controversy in his Second Amended Complaint (Doc. 49) and in discovery.

Plaintiff's Complaint alleges a motor vehicle collision, in which Plaintiff "sustained severe, painful, progressive and permanent personal injuries; incurred medical expenses . . .; lost wages, income, and business opportunity; sustained pain, suffering, and loss of enjoyment of life; and will continue to suffer said injuries, incur medical expenses, lose wages, income, and business opportunity, and sustain pain, suffering, and loss of enjoyment in the future." (Doc. 49 at 3). Plaintiff repeats that his damages are "ongoing . . . and permanent." (Doc. 49 at 4).

According to Defendants' Suggestions in Support of his uncontested Motion (Doc. 100), Plaintiff has claimed in discovery that he injured his upper and lower back, resulting in headaches, neurological injury, and psychological injury, including PTSD. Plaintiff also has produced medical records documenting physical and mental injuries. (Doc. 100).

This Court finds that Plaintiff's mental and physical condition are in controversy, and Dr. deGrange and Dr. Newman are suitably licensed or certified examiners. *See* Rule 35(a)(1). The Court further finds that good cause supports Defendants' uncontested Motion. *See* Rule 35(a)(2)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall present for the previously agreed physical examination to be performed by Dr. Donald deGrange; the physical examination shall be conducted free from any observation or audio/visual recording by Plaintiff, his counsel, or any related representative; the place of the physical examination shall be 621 South New Ballas Road, Tower A, Suite 142, St. Louis, Missouri, 63141; and the physical examination shall be completed on or before November 17, 2025.

**IT IS FURTHER ORDERED** that Plaintiff shall present for the previously agreed mental examination to be performed by Dr. William Newman; the mental examination shall be conducted free from any observation or audio/visual

4

recording by Plaintiff, his counsel, or any related representative; the place of the mental examination shall be 1034 South Brentwood Boulevard, St. Louis, Missouri, 63117; and the mental examination shall be completed on or before November 17, 2025.

**IT IS FINALLY ORDERED** that the deadline of October 17, 2025, for completion of physical and mental examinations set forth in the Amended Case Management Order is vacated. All other deadlines remain in full force and effect.

The uncontested Motion of Defendants Gordon Boge d/b/a Boge Farms and Scott J. Clark for Rule 35 Physical and Mental Examinations of Plaintiff Grzegorz Tokarz (Doc. 99) is **GRANTED**.

Dated this 6th day of October 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE